## No. 27671

**Leonard L. Haney, Leonard L. Haney d/b/a "Colorado Denver Warehouse and Delivery Company," and Gilpin County Freight Service, Inc. v. The Public Utilities Commission of the State of Colorado and Rio Grande Motor Way, Inc.**

(574 P.2d 863)

Decided January 16, 1978. Opinion modified and as modified rehearing denied February 27, 1978.

482

Edward C. Hastings, for petitioners-appellees.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Tucker K. Trautman, Assistant, for respondent-appellant.

John S. Walker, for intervening respondent-appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The principal question raised by this appeal is whether the Public Utilities Commission (the commission) has authority to impose a monetary fine as an alternative to revoking a contract carrier's permit or certificate of public convenience and necessity. We hold that the commission has no such authority.

After an administrative investigation and hearing, the commission issued a decision[1] finding that the appellees had violated both the Public Utilities Law[2] and the commission's rules and regulations. The violations consisted of serving customers and areas not within the scope of authority granted the appellees under their contract carrier permit and certificates of public convenience and necessity. Finding that the violations were attended by circumstances of willful and wanton disregard of Colorado laws and commission regulations, the commission ordered that the appellees' permit and certificates be revoked, or, in the alternative, that they pay a $10,000 fine.[3]

The instant action sought review of the commission's order in the district court pursuant to section 40-6-115, C.R.S. 1973. The district court held that the commission had no authority to impose a monetary fine as an alternative to revocation. Consequently, it set aside the entire decision and remanded the action to the commission for further proceedings. We affirm in part, reverse in part, and remand with directions.

## I.

It is undisputed that no statute or constitutional provision expressly grants the commission authority to impose monetary fines in revocation proceedings. The Public Utilities Law provides only that, for violations such as occurred in this case, the commission may suspend, revoke, alter or amend a certificate of public convenience and necessity or contract carrier permit. Sections 40-10-112 and 40-11-110, C.R.S. 1973. The commission, however, contends that it must have the *implicit* authority to impose fines, as an alternative to revocation, since such a power is reasonably related to the agency's statutory mission and necessary for its implementation.

The commission argues that without the power to impose fines, it is faced with difficult "all or nothing" decisions. It contends that unduly harsh results can be avoided if a violator is allowed to pay a fine in lieu of forfeiting his permit or certificate. Moreover, the commission asserts, revocation may substantially reduce or even eliminate competition and thus result in less service for consumers at higher prices, a result contrary to the ends sought by regulation. On the other hand, it is argued, a fine could punish and deter the offender without adverse consequences for customers

---

[1]Public Utilities Commission, Decision No. 88592.
[2]Section 40-1-101, *et seq.*, C.R.S. 1973.
[3]Public Utilities Commission, Decision No. 88592, paragraph No. 2.

dependent upon its services.

While the commission's arguments are most persuasive, their thrust is to suggest an amendment to the statute rather than a judicial interpretation of the statute as it now exists. The commission has overstated its case in arguing that it is limited to the "all or nothing" remedy of revocation. Revocation of a carrier's certificate or permit is by no means required in all cases involving violations, nor is it the sole sanction available. The relevant statutes, sections 40-10-112 and 40-11-110, C.R.S. 1973, authorize suspension, alteration and amendment as alternatives.

■ The constitutional and statutory provisions which have created the commission and defined its powers do not expressly authorize it to impose monetary fines. *Colo. Const.* Art. XXV; section 40-2-101, C.R.S. 1973. *See Miller Bros., Inc. v. Public Utilities Commission*, 185 Colo. 414, 525 P.2d 443 (1974); *Public Utilities Commission v. Colorado Motorway, Inc.*, 165 Colo. 1, 437 P.2d 44 (1968).

■ Moreover, other sections of the Public Utilities Law provide for punishment by fines and imprisonment through criminal proceedings. Sections 40-10-108, 40-10-113, 40-11-107, and 40-11-111, C.R.S. 1973. Thus, the General Assembly has provided two separate and distinct procedures for punishing violators of the Public Utilities Law. One, the administrative procedure, relates only to civil sanctions to be imposed *by the commission* affecting the violator's authorization to transact business. The other, the judicial procedure, relates to criminal sanctions to be imposed *by the courts* for violations of the Public Utilities Law. Only in connection with the latter is there provision for fines. The fact that the legislature has expressly empowered the courts to impose fines for defined criminal misconduct in this area clearly indicates that there was no intent to grant such authority to the commission. *Cf. Colorado Transfer and Storage v. Public Utilities Commission*, 180 Colo. 327, 505 P.2d 370 (1973); *Rumney v. Public Utilities Commission*, 172 Colo. 314, 472 P.2d 149 (1970).

■ Therefore, the trial court correctly held that the commission has no authority to impose a monetary fine as an alternative to revoking a permit or certificate.

## II.

We do not agree, however, with the district court's disposition of the case. After holding that the commission had no power to impose a fine, that court ruled that the commission's entire decision was invalid, and remanded the action to the commission "for final determination consistent herewith." In our view that full remand was neither within the trial court's power, nor necessary under the circumstances presented in this case.

■ Judicial review of the commission's decisions is governed by section 40-6-115(3), C.R.S. 1973, which provides, in part, that "[u]pon review, the district court shall enter judgment either affirming, setting

aside, or modifying the decision of the commission." We have construed this language to mean that a district court is limited to a review of the record as presented, and has no power to remand a case for an expansion of the commission's findings or for a rehearing. *Public Utilities Commission v. District Court*, 181 Colo. 24, 506 P.2d 371 (1973); *Public Utilities Commission v. District Court*, 134 Colo. 324, 303 P.2d 692 (1956).

■ In this case, the full remand to the commission simply was not necessary. The district court's sole determination of error related to the penalty imposed; the court did not disapprove the commission's other findings and conclusions. The proper action, therefore, would have been to affirm those portions of the decision that were supported by the record and within the commission's authority, and set aside only paragraph No. 2, which purported to impose the fine.[4] *Public Utilities Commission v. District Court* (1973), *supra*. The remand to the commission may be limited to redetermination of the proper penalty to be imposed in view of the record already established. Since further hearings or evidence will not be required for that determination, such a limited remand is well within the district court's authority. *See Public Utilities Commission v. District Court* (1956), *supra; Glenwood Light & Water Co. v. City of Glenwood Springs*, 98 Colo. 340, 55 P.2d 1339 (1936).

### III.

■ Finally, the appellees contend that they were denied due process because certain statutory procedures were not followed. However, since the appellees did not file a notice of cross-appeal to raise this challenge to the trial court's decision, the issue is not properly before us on appeal. C.A.R. 4(a); *City of Delta v. Thompson*, 37 Colo. App. 205, 548 P.2d 1292 (1975).

Accordingly, the district court's judgment is affirmed in part and reversed in part. The cause is remanded to the district court with directions to reinstate the commission's decision No. 88592, except paragraph No. 2, and to remand to the commission for redetermination of the penalty to be imposed.

MR. JUSTICE GROVES does not participate.

---

[4]As the trial court recognized, it would not have been appropriate to set aside only the monetary fine, and affirm the alternative penalty of revocation. The trial court had no way to know whether the commission would have imposed a penalty that harsh if it had not been able to offer the fine as an alternative. The two alternatives were obviously interrelated, and both must be set aside.