### No. 79SA204

**Ann Caldwell and the Mountain Plains Congress of Senior Organizations v. Public Utilities Commission of the State of Colorado; Commissioners Edwin R. Lundborg, Edythe S. Miller, and Sanders G. Arnold; and Public Service Company of Colorado and CF&I Steel Corporation; Colorado Municipal League; General Services Administration; Home Builders Association of Metropolitan Denver; Ideal Basic Industries, Inc.; Friends of the Earth, Inc.; Colorado Utilities Taskforce; Elbridge Burham; Amax, Inc.**

(613 P.2d 328)

Decided June 23, 1980.

Edward T. Buckingham, for plaintiff-appellant, Ann Caldwell.

D. Bruce Coles, for plaintiff-appellant, Mountain Plains Congress of Senior Organizations.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, John E. Archibold, Special Assistant Attorney General, for defendants-appellees, Public Utilities Commission.

Kelly, Stansfield & O'Donnell, Susan R. Fox, James R. McCotter, for defendant-appellee, Public Service Company of Colorado.

No appearance for intervenors-appellees.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

This is an appeal from an order of the district court affirming the decision of the Public Utilities Commission (commission) in a rate proceeding. We affirm in part and reverse in part.

On April 3, 1978, the Public Service Company of Colorado (PSC) filed advice letters, accompanied by tariff revisions, with the commission. PSC sought an increase of $35,296,000 based on its test year electric revenues and an increase of $11,768,000 on its test year gas revenues.

On April 11, 1978, the commission suspended the effective dates of the tariff revisions and set the matter of the requested increases for public hearing and investigation. Eleven parties petitioned for and were granted leave to intervene in the proceedings, including appellants Ann Caldwell and Mountain Plains Congress of Senior Organizations (MPCSO). PSC submitted written testimony in support of the rate increases, and hearings were held for the purpose of cross-examination of the witnesses for the PSC, the staff of the commission, and intervenor witnesses. Following the hearings, various parties filed Statements of Position with the commission.

On August 1, 1978, the commission issued its decision, authorizing increases of $20,420,359 for electric service and $8,813,600 for gas service. Appellants filed timely applications for rehearing, which were denied by the commission.

On September 21, 1978, appellants filed a "Complaint in the Nature of Review" in Denver District Court, challenging the allowance of certain operating expenses for ratemaking purposes: (1) advertising expenses of $1,098,761; (2) expenditures for customer conservation programs; (3)

expenditures for solar power research and development; and (4) a yearly contribution of $167,000 for the development of a liquid metal fast breeder reactor. The district court affirmed the order of the commission. Appellants present the same four issues for review in this court.

We note as a preliminary matter that the order of the commission is presumed to be reasonable. *Contact v. Mobile Radio,* 191 Colo. 180, 551 P.2d 203 (1976). Review of the order is limited by section 40-6-115(3), C.R.S. 1973:

". . . The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the decision under review violates any right of the petitioner under the constitution of the United States or of the state of Colorado, and whether the decision of the commission is just and reasonable and whether its conclusions are in accordance with the evidence."

*See, e.g., Colo. Municipal League v. PUC,* 197 Colo. 106, 597 P.2d 586 (1979); *Sangre de Cristo Elec. v. PUC,* 185 Colo. 321, 524 P.2d 309 (1974); *Mt'n States T & T v. Pub. Util. Comm.,* 182 Colo. 269, 513 P.2d 721 (1973).

## I. Advertising

In Decision No. 87474 (1975), the commission authorized the PSC to include as a ratemaking expense certain categories of advertising which the commission found to be of benefit to the ratepayers. Certain other categories were excluded for purposes of ratemaking. In Decision No. 91581 (1977), *aff'd Colo. Municipal League v. PUC, supra,* the commission further limited the categories of advertising allowed for purposes of ratemaking. In that order, the commission stated:

". . . The Commission expects that in future proceedings Public Service will provide detailed evidence showing the accuracy of the categorization of expenses, as well as establishing that the advertisements included in the categories are, in fact, objective, informative and of benefit to the ratepayers."

Appellants here argue that the PSC provided inadequate evidence to support its advertising expenditures, and that the commission approved the expenditures without the support of substantial evidence in the record, without an adequate examination of the evidence, and without making the necessary findings of fact thereon. We agree.

Found in the record are copies of all of the advertisements included by the PSC for ratemaking purposes, as well as the testimony of the vice president of accounting for the PSC, D. D. Hock. Hock testified that the PSC had not provided any detailed evidence showing the accuracy of the categorization of expenses but that such detail was available and had been reviewed by the staff of the commission. He further testified that he had personally reviewed all of the advertisements, that certain types had been eliminated as ratemaking expenses in accordance with the requirements of

Decision No. 87474, *supra,* and that those advertisements remaining were "properly categorized" and were "informative and of benefit to the rate-payers of the company."

■ Whether, under the standards set forth in Decisions Nos. 91581 and 87474, *supra,* there is sufficient evidence to support the inclusion of advertising as a ratemaking expense is a fact determination that must be made by the commission. Section 40-6-109(3), C.R.S. 1973. *See Wells Fargo v. PUC,* 190 Colo. 204, 545 P.2d 707 (1976); *P.U.C. v. Colorado Co.,* 142 Colo. 361, 351 P.2d 241 (1960).

This court must ascertain whether the order of the commission in the case here before us, allowing the inclusion of advertising expenses, is supported by findings of fact. *See Mt'n States T & T v. Pub. Util. Comm., supra.* In its Decision and Order, the commission stated:

"We agree that Public Service should give careful scrutiny to how it spends its advertising dollar. It is true that some of Public Service's advertising appears to be more promotional than informational. For example, the ascription of alertness to the prong-horned antelope and the scarcity of the black-footed ferret is not particularly relevant to energy conservation. Nor is advertising with respect to litter control (although obviously true) relevant to utility operations. The 'hard' informational value of this type of advertising is open to question. Realistically, the Commission practically is compelled to accept all Public Service's advertising expenses, or none of it, unless we painstakingly examine Public Service's advertising copy item by item. This latter course is an administrative burden which we cannot assume. Thus, for purposes of this case, we will not make any accounting adjustment with respect to advertising expenses. However, Public Service should be on notice that it carefully consider all types of advertising it uses and be able to prove the customer benefit thereof. Otherwise, in the future the Commission may be compelled to adopt the position advanced by Mr. Spertus that advertising be disallowed as an operational expense in its entirety."

■ We cannot discern any findings of fact in that statement by the commission. While we recognize the rule that findings of fact by the commission need not be presented in any particular form, *Aspen Airways v. Public Util.,* 169 Colo. 56, 453 P.2d 789 (1969), and that they may even be implied, *see Colo. Mun. League v. Pub. Util.,* 172 Colo. 188, 473 P.2d 960 (1970), where the commission purports to make such findings, they must be discernable to the reviewing court. *See Colorado Interstate Co. v. Comm'n,* 324 U.S. 581, 65 S.Ct. 829, 89 L.Ed. 1206 (1945). We have previously held that findings of fact by the commission must "show which of the evidence it accepts as competent, worthy of belief, and that which it rejects." *Aspen Airways v. Public Util., supra.* In this case, however, we cannot even conclude that the necessary findings were "implied" by the commission from its determination of the other

issues presented to it. *See Colo. Mun. League v. Pub. Util., supra.*

Rather than indicating which evidence it accepted as competent, as within the guidelines established in Decision No. 87474, *supra,* and which evidence it rejected as not conforming to those guidelines, the commission issued a veiled warning to the PSC that it must, *in the future,* prove the benefit its customers derive from the advertisements or the commission might have to disallow advertising as an operational expense entirely. This warning parallels that set forth in Decision No. 91581, *supra,* but it is insufficient to permit the inference that the advertisements submitted to the commission for inclusion in ratemaking expenses are within acceptable categories.

■ We conclude, therefore, that in its consideration of advertising expenses for purposes of ratemaking the commission failed to regularly pursue its authority as required by section 40-6-115(3), C.R.S. 1973, and thus this issue must be remanded for a redetermination in view of the record already established. *See Haney v. PUC,* 194 Colo. 481, 574 P.2d 863 (1978).

## II. Customer Conservation Programs

■ Appellants next argue that the commission, without the support of substantial evidence in the record, approved expenses for the customer conservation programs established by the PSC. Again we note that "[f]indings and conclusions of the commission on disputed questions of fact, when based on competent evidence, are final and not subject to review by the courts." *P.U.C. v. Watson,* 138 Colo. 108, 330 P.2d 138 (1958).

We have reviewed the extensive testimony and exhibits in the record relating to energy conservation, and find that there is substantial evidence to support the finding of facts by the commission. As an example, the president of the PSC testified that the best way to measure the effect of conservation is by the average annual usage per customer among residential customers. The commission found that the evidence showed that "[g]as useage per customer on an annual basis has been reduced about 2 Mcf for a total of $1,200,000 Mcf."

In response to the claim by a witness for appellant MPCSO that the conservation program has not been proven to be cost effective, the commission stated that, while "it would be appropriate for Public Service to evaluate carefully the cost effectiveness of its various conservation programs, we do not agree that the absence of a cost/benefit analysis at this time justifies the 'below the line' treatment . . ." advocated by the witness. That is a judgment of the commission which, lacking any indication of abuse of discretion, we are not at liberty to overrule, even if we should be so inclined. *See Parrish v. P.U.C.,* 134 Colo. 192, 301 P.2d 343 (1956).

We find no merit to appellants' argument that customer conservation programs are similar to the sale of appliances and thus do not warrant public utility treatment.

■ We conclude that there is substantial evidence in the record to support the finding of the commission that the cost of customer conservation programs is allowable as a ratemaking expense.[1]

### III. Solar Energy

In its order, the commission made no specific reference to the inclusion of expenses for the solar energy research program established by the PSC. Appellants contend that this failure to make a specific finding constitutes reversible error.

■ As we noted heretofore, when the finding of the commission can be inferred from other findings of the commission, we can treat the matter as if the commission had made an express finding of fact. *See Colo. Mun. League v. Pub. Util., supra.*

There is substantial evidence in the record indicating the rationale for the involvement of the PSC in solar energy research and development. The primary purpose is to provide a new source of fuel and to conserve existing fuel supplies. Since the commission made extensive findings of fact in relation to energy conservation, and since it noted that it "is cognizant of the measures taken by Public Service to date with respect to conservation," we can infer that the commission found such expenditures reasonable.

Accordingly, we treat this issue of solar energy research and development as one for which the commission made specific findings of fact that are supported by substantial evidence.

### IV. Liquid Metal Fast Breeder Reactor Project

■ In his testimony before the commission, the vice president of accounting for the PSC testified that the PSC had made a test year contribution of $167,000 to the Edison Electric Institute for the development of a liquid metal fast breeder nuclear reactor. Appellants challenge the inclusion of the payment as a ratemaking expense, claiming that it is not a "reasonable" expense.

As with the solar energy research and development program expenses, the commission made no specific finding with regard to the reactor project. Once again, however, we can infer the finding of the commission from its general approval of the energy conservation project of the PSC. Since the order of the commission is presumed to be reasonable, *Contact v. Mobile Radio, supra,* and since appellants presented no evidence to prove that inclusion of this contribution was, in fact, unreasonable, we need only determine whether the findings of the commission are supported

---

[1] We take judicial notice of the fact that the PSC is now required to develop appropriate conservation procedures to be made available to its residential customers. *See* National Energy Conservation Policy Act, 42 U.S.C. § 8201 *et seq.* (1978).

by the evidence.

There is substantial evidence in the record to support the commission's inclusion of this project in the ratemaking expenses of the PSC.[2]

Accordingly, we affirm the order of the commission allowing inclusion of the energy conservation, solar energy, and liquid metal fast breeder reactor projects. We reverse the order allowing inclusion of advertising expenses and return the cause to the district court with directions to remand to the commission for further consideration of that issue in accordance with the views expressed in this opinion.

---

[2] The record indicates that such payments have been allowed by the commission in three previous ratemaking orders.