Ann **CALDWELL** and the **Mountain Plains Congress of Senior Organizations, Appellants,**

v.

**PUBLIC UTILITIES COMMISSION OF the STATE OF COLORADO, Edythe S. Miller, Daniel E. Muse and Andra Schmidt, as commissioners thereof; Public Service Company of Colorado, CF & I Steel Corporation, Colorado Municipal League, General Services Administration, Home Builders Association of Metropolitan Denver, Ideal Basic Industries, Inc., Friends of the Earth, Inc., Colorado Utilities Taskforce, Elbridge Burnham, Amax, Inc., Appellees.**

**No. 83SA360.**

Supreme Court of Colorado, En Banc.

Dec. 17, 1984.

---

Legal Aid Society of Metropolitan Denver, Inc., Debra R. Knapp, Denver, for appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John E. Archibold, Asst. Atty. Gen., Denver, for appellee, Public Utilities Comn.

Kelly, Stansfield & O'Donnell, James R. McCotter, Kenneth V. Reif, Denver, for appellee, Public Service Co.

ERICKSON, Chief Justice.

Ann Caldwell and the Mountain Plains Congress of Senior Organizations (Caldwell) appeal from an order of the district court summarily affirming the decision of the Public Utilities Commission (the commission), which was in compliance with the directions contained in *Caldwell v. Public Utilities Commission*, 200 Colo. 134, 613 P.2d 328 (1980). In *Caldwell*, we approved an order upholding the inclusion of certain expenses in a general rate increase by Public Service Company, but remanded to the commission for factual findings with respect to the propriety of including advertising expenditures as rate-making expenses. In this appeal, Caldwell raises various challenges to the commission's subsequent exclusion of only 12 of the 107 printed advertisements from the operating expenses of Public Service Company. We affirm.

I.

In August 1978, the commission approved a rate increase of approximately $29 million by Public Service Company, including an allocation of $1,098,761 for advertising expenses. Most of the expenses included in the rate increase were affirmed by this court in *Caldwell*. However, we held that "in its consideration of advertising expenses for purposes of rate-making the commission failed to regularly pursue its authority as required by section 40-6-115(3), C.R.S. 1973, and thus this issue must be remanded for redetermination in view of the record already established." 200 Colo. at 139, 613 P.2d at 332.

On remand, the commission reviewed the record relating to advertising expenditures claimed by Public Service Company to be proper operating expenses. The commission subsequently ordered that the cost of 12 advertisements be excluded from the operating expenses of the company,[1] based upon its finding that the 12 advertisements "do not meet the established criteria of the commission for inclusion as operating expenses inasmuch as the same do not fit in the advertising categories (energy supply, cost of service, environmental, conservation, efficient use and related matters, and safety) adopted in Investigation and Suspension Docket No. 935 (Decision No. 87474)."

Inasmuch as the record of the initial rate-making proceeding did not reflect the specific costs of the excluded advertisements, the commission conducted a supplemental evidentiary hearing and found the cost of the 12 disallowed advertisements to be $42,108. However, the commission later concluded, with one commissioner dissenting, that *Caldwell* required a decision to be made with respect to the cost of the advertising expenses solely on the record established prior to the appeal. Since the specific cost of the 12 disallowed advertisements could not be ascertained from the original record, the commission concluded that the entire sum of $1,098,761 allocated for advertising must be excluded from operating expenses of Public Service Company.

---

1. The commission ordered Public Service Company to exclude the cost of the disallowed advertisements from operating expenses by making appropriate negative adjustments in subsequent gas and electric cost adjustment filings.

Following a change of personnel on the commission,[2] the newly comprised commission reconsidered its position and, with one commissioner dissenting,[3] concluded that the supplementary hearing with respect to the cost of the excluded advertisements was not improper under *Caldwell.* The commission therefore ordered that only the cost of $42,108 for the 12 disallowed advertisements be excluded from Public Service Company's operating expenses. The order of the commission was summarily affirmed by the district court.

## II.

Caldwell asserts that this court held on the first appeal that Public Service Company provided inadequate evidence as a matter of law to support its advertising expenditures. Caldwell also claims that the supplemental hearing conducted by the commission violated this court's remand order in *Caldwell* to further consider the propriety of the advertising expenditures "in view of the record already established," and that the commission's subsequent decision regarding the cost of the disallowed advertisements was made without adequate evidence in the record. We disagree with Caldwell's assertions.

### A.

■ Although some of the prefatory language in *Caldwell* was not as precise as it might have been, the basis for reversal was the lack of discernible factual findings by the commission to support its decision that Public Service's advertising expenditures were properly included in the rate increase. This court clearly stated that whether there is sufficient evidence to support the inclusion of advertising as a rate-making expense under the commission standards is a fact determination to be made by the commission. *Caldwell,* 200 Colo. at 138, 613 P.2d at 331; *see also* § 40–6–109(3), 17 C.R.S. (1984); *Mountain States T. & T. Co.*

*v. Public Utilities Commission,* 182 Colo. 269, 513 P.2d 721 (1973). The question is not to be and was not decided as a matter of law by this court.

■ Findings of fact by the commission need not be presented in any particular form. *Aspen Airways v. Public Utilities Commission,* 169 Colo. 56, 453 P.2d 789 (1969). We have also held that factual findings may be implied. *Colorado Municipal League v. Public Utilities Commission,* 172 Colo. 188, 473 P.2d 960 (1970). On remand following *Caldwell,* the commission reviewed the record and made the finding that 12 of Public Service Company's advertisements were improperly included as rate-making expenses because they did not fit within any of the categories established by the commission as appropriate rate-making expenses. We note that the factual findings entered by the commission were not as complete as was contemplated in *Caldwell,* and we disapprove of findings that are framed in conclusory terms. However, we conclude that the necessary findings specifying which advertisements do and do not fall within accepted rate-making categories are implicit in the commission's review of the record and its express finding that 12 of the advertisements could not be properly categorized as relating to energy supply, cost of service, conservation or environmental concerns, efficient use of resources, or safety.

■ It is the province of the commission to make findings and conclusions in the first instance with respect to utility rates and rate-making expenses. There was sufficient evidence in the record from which the commission could make determinations regarding categorization, and in our view the decision of the commission was not an abuse of its broad discretion to regulate public utility rates. We therefore may not set aside the commission's order. *Colorado Municipal League v. Public*

---

2. Commissioner Woodard resigned from the commission in August 1982, and was replaced by Commissioner Clark.

3. The new majority consisted of newly appointed Commissioner Clark and Commissioner Miller, who dissented in the commission's initial order.

*Utilities Commission,* 197 Colo. 106, 591 P.2d 577 (1979).

B.

We also disagree with Caldwell's assertion that the supplementary hearing conducted by the commission to determine the cost of the disallowed advertisements violated this court's order in *Caldwell* to reconsider the propriety of the advertising expenses "in view of the record already established."

Our remand in *Caldwell* directed the commission to review the existing record and make factual findings with respect to the propriety of including advertising expenditures as rate-making expenses under the commission's established standards. On remand, the commission reexamined the record and determined, contrary to its initial decision, that a number of advertisements could not be categorized as rate-making expenses. No new evidence with respect to the nature of the advertisements or their categorization was heard by the commission, and the decision regarding the propriety of each of the advertisements was properly based solely on the record as it existed prior to the initial appeal.

Having determined which advertisements were properly included as rate-making expenses in accordance with *Caldwell,* the commission then acted within its broad authority in taking additional steps to determine the cost of the disallowed advertisements that were required to be excluded from the Public Service rate increase. Such a procedure is consistent with the commission's duty as a legislative agent to investigate and determine matters that are in the interest of the state, and was not an improper expansion of our remand order in *Caldwell. See Ohio and Colorado Smelting and Refining Company v. Public Utilities Commission,* 68 Colo. 137, 187 P. 1082 (1920).

We have considered the remaining challenges asserted by Caldwell and find them to be without merit.

The judgment of the district court is affirmed.

