**SMITH, HARST & ASSOCIATES, INC., Interocean Properties, Inc., d/b/a Sheridan Manor Nursing Home; Georgian Health Centers, Inc., d/b/a Georgian Health Center, Plaintiffs–Appellees and Cross–Appellants,**

**v.**

**COLORADO DEPARTMENT OF SOCIAL SERVICES, Defendant–Appellant and Cross–Appellee.**

No. 87CA0992.

Colorado Court of Appeals,
Div. II.

April 13, 1989.

Rehearing Denied May 25, 1989.

Certiorari Granted Sept. 5, 1989.

Sheila H. Meer, P.C., Sheila H. Meer and James R. Gilsdorf, Denver, for plaintiffs-appellees and cross-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Wade Livingston, Asst. Atty. Gen., Denver, for defendant-appellant and cross-appellee.

SILVERSTEIN, Judge.*

Colorado Department of Social Services (department) appeals the decision of the district court that the department does not have the authority to set off Medicaid payments to plaintiffs, Smith, Harst & Associates, Inc., Georgian Health, Inc., and Interocean Properties, Inc. (nursing homes), to recover shortages in the personal needs accounts of Medicaid recipients. The nursing homes cross-appeal the district court's ruling that the department may set off from current payments amounts representing past overpayments of Medicaid benefits. We affirm.

This action arises from audits of several nursing homes performed by the department in 1979. The department audited the records as they related to Medicaid benefits paid to the homes for nursing care, and to the personal needs accounts maintained by the homes with patients' funds. The personal needs accounts are funded by small amounts deducted monthly from the patients' income and are intended for the purchase of items, such as clothing or toiletry articles, not provided by Medicaid. The audits disclosed overpayment of nursing care benefits to, and shortages in, personal needs accounts maintained by, the four nursing homes involved herein.

The department made demand for refund of the overpayments and repayment of the shortages in the personal needs accounts. The demand was not complied with, and the department withheld Medicaid payments currently due, to set off the disputed amounts. The department relied on Colo. Sess.Laws 1973, ch. 340, § 26–4–112(2), then in effect, which states: "Incorrect payments to vendors due to their omissions [or] errors ... shall be recoverable from the said vendor by deduction from subsequent payments...."

The nursing homes filed protests, which resulted in Provider Appeal hearings before Department of Social Services hearing officers. In three of the hearings, the actions of the department were upheld; in the fourth, the set off was upheld with respect to the nursing care overpayments, but was not allowed with respect to the shortages in the personal needs accounts.

The nursing homes then brought actions for review in the district court. The department also brought an action for review of the decision unfavorable to it. The actions were consolidated into a single case.

Following the outcome of the hearings before the department, but prior to commencement of the district court action for judicial review, Georgian Health, Inc., began voluntary liquidation proceedings. The action for judicial review was commenced less than two years after liquidation proceedings began.

On appeal the department contends that the set offs for the personal needs accounts shortages were within the department's authority as granted by § 26–4–116. The department also contends that the nursing homes are estopped to deny the department's authority because of contractual agreements between the two, and that Georgian Health, Inc. does not have the capacity to maintain a legal action because of its liquidation proceedings.

On cross-appeal, the nursing homes contend that there was insufficient evidence to find them responsible for any overpayments by the department; that the department has impermissibly applied rates retroactively with respect to one nursing home; and that, with respect to another home, the department both retroactively adjusted rates and employed a void and unenforceable regulation in performing that adjustment.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

## The Nursing Homes' Appeal

### I.

■ The nursing homes contend that there was insufficient evidence to support the findings of the hearing officers. Specifically, they assert that there was no evidence of "error or omission" on the part of the nursing homes, as required by statute, to justify a set off of future benefit payments against past overpayments. An examination of the record, however, reveals that overpayments were made because of charges for days when beneficiaries were no longer in the facilities because of death or discharge. The record fully supports the set off for the overcharges for nursing care.

### II.

■ The nursing homes also contend that the trial court erred in affirming the hearing officer's decision that the department properly set off Medicaid payments made to one of the homes that exceeded the *per diem* rate charged by the home to private patients. We disagree.

The department, in making the set off, relied on its regulation, 10 Code Colo.Reg. 2505–10 § 8.441.2H, which provides: "Under no circumstances may the Medicaid daily rate for a facility exceed that charged to private-pay residents or residents with other sources of payment." The nursing homes contend the regulation is void, as not in conformity with the controlling statute, and that it was improperly retroactively applied.

We hold that the regulation is valid. If a "regulation facilitates a basic purpose of the overall legislative scheme" it is valid. *Department of Revenue v. A & A Auto Wrecking, Inc.*, 625 P.2d 1021 (Colo.1981). The then controlling statute was Colo.Sess. Laws 1977, ch. 372, § 26–4–110(5)(a), which provides, in pertinent part:

"For the purpose of making payments to nursing home vendors ... the department ... shall reimburse ... such vendor, as nearly as possible for its actual or reasonable cost of services rendered, whichever is less. The ... department shall adopt rules and regulations ... in order to determine such actual or reasonable cost and the reimbursement therefor."

Here, the regulation in effect defines the actual or reasonable cost as that being charged by the nursing home to private patients, thus facilitating the overall legislative intent. Therefore, it is valid.

Since the *per diem* billed and paid for exceeded the permissible amount, it was incumbent on the department to recoup, through set off, the erroneous excess. Thus, we find no error in the ruling.

### III.

Likewise, we find no merit in the nursing homes' other contention.

## The Department's Appeal

### I.

■ The department contends that the trial court erred in denying its asserted right to set off the shortages in personal needs accounts against benefit payments then owing pursuant to its own regulations. We disagree.

While there was at the relevant time period explicit statutory authority for setting off overpayments of nursing care benefits, such authority did not extend to shortages in personal needs accounts. *See* Colo.Sess.Laws 1973, ch. 340, § 26–4–112.

■ Although the general assembly did give the department authority to promulgate rules to regulate personal needs accounts, and to audit the accounts, the action taken by the department to recover the shortages is remedial. And, authority for state agencies to take remedial actions must be specifically granted by the general assembly. *Haney v. Public Utilities Commission*, 194 Colo. 481, 574 P.2d 863 (1978).

Here, the statute, prior to its amendment in 1988, § 26–4–116, C.R.S. (1988 Cum. Supp.), did not permit a set off for personal needs account shortages. The amendment has no effect on past shortages. *See Charnes v. Lobato*, 743 P.2d 27 (Colo.1987). Therefore, we affirm the trial court's ruling on this issue.

## II.

 The department next contends that Georgian Health, Inc., lacks capacity to pursue the action for judicial review because of its voluntary liquidation. However, the action for judicial review was commenced well within the two-year period specified by § 7–8–122(1), C.R.S. (1986 Repl.Vol. 3A). Georgian Health, Inc., thus continues to have authority to maintain this action that concerns issues which arose well before its dissolution.

## III.

We find no merit in the department's contention that the nursing homes were estopped from bringing this action.

Judgment affirmed.

SMITH and MARQUEZ, JJ., concur.