No. 18,108.

PEOPLE OF THE STATE OF COLORADO, PUBLIC UTILITIES COMMISSION, ET AL. *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, ET AL.
(303 P. [2d] 692)

Decided November 19, 1956.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. HENRY E. ZARLENGO, Assistant, for petitioners.

Mr. E. B. EVANS, Mr. THOMAS J. MITCHELL, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which petitioners seek relief in the nature of mandamus. Upon consideration of the petition filed by the Attorney General, rule to show cause issued, and pursuant thereto respondents filed their answer and supporting brief. There is no dispute between the parties concerning the facts which give rise to the questions we are called upon to determine; they are as follows:

The Public Utilities Commission in a proceeding pending before it entitled *Harvey et al. vs. Harold E. Watson, Jr.,* entered an order which directed said Watson "to cease and desist from all transportation of bulk cement from Boettcher, Colorado, or Portland, Colorado, to other points in the State of Colorado, except such transportation as may occasionally and infrequently arise as an incident of the operation of a transfer, moving and general cartage business by the respondent in the City of Loveland and the County of Larimer." A petition for rehearing before the commission was denied and Watson then filed a petition for review in the district court of the City and County of Denver. Upon certification of the complete record before the utilities commission the cause proceeded to trial before the respondent judge, who at the conclusion thereof on May 23, 1956, entered

a so-called "Court's Ruling," the substance of which is not important. Thereafter the Public Utilities Commission by the Attorney General filed a motion to clarify this ruling and the court, on June 20, 1956, vacated the order above referred to and entered what is called a "Court's Decision" which contained the following pertinent language:

"The Certificate of Public Convenience and Necessity in question was issued to Petitioner's predecessor in 1930 along with a large number of other similar certificates. During the next 25 years the Commission failed to determine what the word 'occassional' meant and the Commission has never made a definition of the word 'occasional.' The Commission has apparently made a practical interpretation of the word 'occasional' upon which the Petitioner could rely.

"The reports made by Petitioner, showing what his operations were, were before the Commission. No question was raised by the Commission or the interveners for a long period of time. The Petitioner made a large investment in equipment, conducting his business as he had in the past. To now stop him without having previously defined what 'occasional' means, results in denying him due process. A rehearing should be held to determine whether such transportation was 'such business as Petitioner might develop.'

"There was no evidence before the Commission to show what the Commission had in mind when it issued the certificate to Petitioner's predecessor in 1930. The Commission should hold a rehearing for the purpose of permitting evidence to be introduced to show what the Commission intended to grant to Petitioner's predecessor.

"In purporting to find what the Commission had in mind when it granted such certificates in 1930, the Commission now went outside the record and considered matters which were not before the Commission and which resulted in denying to Petitioner his property without due process of law.

"In view of the above the case is remanded back to the Public Utilities Commission to hold a hearing in conjunction with the above findings."

The Commission thereupon filed a "Motion for New Trial and to Vacate Judgment" which was denied September 10, 1956. In the course of the hearing on that date the following testimony was introduced:

"The Court: Let's find out now what they [the Commission] want.

"Mr. Zarlengo: What the Commission wants is a final decision by the Court.

"The Court: The Commission will not get a final decision; its been remanded back to them.

"Mr. Zarlengo: That is what this motion is for, your Honor; is to argue the law.

"We take the position that the Court doesn't have any jurisdiction to remand this case."

C.R.S. 1953, 115-6-15, governs the procedure for review of an order or decision of the Commission by the district court and provides, inter alia, the following:

"* * * No new or additional evidence may be introduced in the district court, but the cause shall be heard on the record of the Commission as certified by it . . .

"Upon hearing, the district court *shall* enter judgment either *affirming, setting aside,* or *modifying* the order or decision of the Commission * * *." (Italics ours.)

The contention of the Attorney General is that it was, and is, the duty of the district court to affirm, set aside, or modify the order of the Commission, and that the said court, and the judge thereof, refuses to do other than to remand the cause for further hearing. The Attorney General asserts in part:

"In remanding the cause back to the Commission for a rehearing, the Court has exceeded its jurisdiction and abused its discretion. This leaves Petitioners without 'a plain, speedy and adequate remedy' and without any remedy at all. * * *

"It is not here sought to have this Honorable Court

command the District Court to enter judgment one way or another, but only to command the District Court to proceed to judgment, as provided by law, so that Petitioners will be in a position to pursue their legal remedy, if necessary."

On behalf of respondents it is argued that an original proceeding in the nature of mandamus is not the proper remedy, and that the "Court's Decision" was in effect a final judgment to which a writ of error will lie.

Questions to be Determined.

First: *Did the trial court exceed its jurisdiction in remanding the cause to the Commission with directions to "hold a hearing in conjunction with the above findings?"*

This question is answered in the affirmative. Council for respondents rely on *Glenwood Light and Water Co. v. Glenwood Springs,* 98 Colo. 340, 55 P. (2d) 1339; and *Snell v. Utilities Commission, et al.,* 108 Colo. 162, 114 P. (2d) 563, as authority for the proposition that the district court in the instant action had jurisdiction to remand the cause for rehearing. Examination of the opinions in the cases cited discloses that we did not in either case approve a remand to the Commission for the purpose of a further hearing. In the Glenwood case, the "remand" was only for the purpose of performing a ministerial act in recalculating the rates that were involved, on the corrected rate base. The trial court in that action did enter a final judgment and it did "modify" the decision of the commission. It did not order the commission to hold a hearing on the facts, but passed judgment on the record as made and certified by the commission. In the *Snell* case, the commission granted a certificate of public convenience and necessity with no limitations as to the number of cars to be used by the applicant. Intervenors filed a Petition for Rehearing and the commission held oral arguments on the question of their right thereto. The commission denied the Petition of Rehearing, but at the same time and by the same

order purported to amend and modify the previous decision by restricting the number of cars to be used and imposing other and different conditions than those set out in its original order. Our opinion in that case directed that the trial court should remand the case to the commission with directions to either grant or deny the petition for rehearing, without conditions attached. It is obvious that no remand for rehearing was ordered in that case. There is nothing in either opinion which supports the contention of respondents in the case at bar.

If the trial court concludes that there is not substantial evidence to support the decision of the commission under the record as made, it is the duty of the court to set aside that decision on that very ground. The district court, under the pertinent statute, has no power to order a rehearing on a question of fact but must pass judgment on the record as presented.

Second: *Was the "Court's Decision" which directed that the cause be "remanded back to the Public Utilities Commission to hold a hearing \* \* \*" a final judgment to which a writ of error could be directed?*

This question is answered in the negative. In *Morron et al. v. McDaniel et al.,* 127 Colo. 180, 254 P (2d) 862, we said in part:

"We have repeatedly and consistently held that: 'If the order entered in a cause does not put an end to the action. but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered.'" Numerous authorities are cited.

We think it obvious that an order which expressly directs that further hearings be held upon questions of fact cannot be said to "end the particular suit in which it is entered."

The rule accordingly is made absolute and the respondents, the District Court in and for the City and County of Denver, and the Honorable Edward J. Keat-

ing, a judge thereof, are hereby directed forthwith to enter judgment affirming, setting aside, or modifying the decision of the commission in the proceedings forming the basis of this action.