No. 23512.

THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLO-RADO; HENRY E. ZARLENGO; HOWARD S. BJELLAND, AND RALPH C. HORTON, INDIVIDUALLY AND AS COMMISSIONERS OF THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO; AND ACME DELIVERY SERVICE, INC., A COLORADO CORPORATION *v.* WEICKER TRANSFER & STORAGE CO., WEST-WAY MOTOR FREIGHT, INC., EMPIRE DELIVERY, INC., BOUL-DER-DENVER TRUCK LINE, UNITED STATES TRANSFER & STORAGE CO., COLORADO CARTAGE COMPANY, INC., PACKAGE DELIVERY SERVICE CO., MURPH'S EXPRESS, INC., MULLIS TRANSFER, INC., ALLEN TRANSFER CO., BULK TRANSPORTERS, INC., NORTH EASTERN MOTOR FREIGHT, INC., ALL COLORADO CORPORATIONS; STUART ROGELL, DOING BUSINESS AS HOFF-MAN TRANSFER COMPANY, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MORGAN TRANSFER & STORAGE CO., INC.; FREDERIC A. BETHKE, DOING BUSINESS AS BETHKE TRUCK LINES; AND C. R. BRYANT, DOING BUSINESS AS EVERGREEN FREIGHT LINE.

(451 P.2d 448)

Decided March 10, 1969.

340

Duke W. Dunbar, Attorney General, Robert Lee Kessler, Assistant, for plaintiffs in error The Public Utilities Commission of the State of Colorado, and The Individual Members Thereof.

HUGHES & DORSEY, RAYMOND B. DANKS, for plaintiff in error Acme Delivery Service, Inc.

EDWARD T. LYONS, JR., ARTHUR R. HAUVER, JONES, MEI-KLEJOHN, KEHL & LYONS, of counsel for defendants in error (except Boulder-Denver Truck Line and Weicker Transfer & Storage Co.)

JOHN P. THOMPSON, for defendant in error Boulder-Denver Truck Line.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE Public Utilities Commission for itself and Acme Delivery Service as applicant bring writ of error here directed to an Arapahoe County District Court judgment which reversed a decision of the Commission granting Acme an expanded Certificate of Authority.

At the time of its application Acme was authorized to transport general commodities between points inside the city limits of Denver and packages limited to not more than 100 pounds each also within Denver and points within a three-mile radius of Denver. The extension granted by the Commission authorized transportation by Acme of general commodities, except cement in bulk between points within a radius of fifteen miles from the intersection of Colfax and Broadway in Denver.

The Commission found, *inter alia:*

"Considering the whole of the testimony and evidence presented, the commission finds that the available service of other carriers is inadequate and that the present and future public convenience and necessity require, and will require, that authority be granted as set out in the following order." (Emphasis added.)

Review of the Commission's decision was sought by protestants holding competing Certificates of Authority.

The district court of Arapahoe County, to which the proceedings had been transferred from the Denver district court, reversed the Commission's determination. The trial court in pertinent part ruled:

"The main issue presented to this Court is whether this finding is supported by *competent evidence*.

"Having carefully examined the record of proceedings, this Court concludes as a matter of law that the record is lacking in competent evidence of *substantial inadequacy* which would lawfully justify the commission in extending the applicant's common carrier operations into the territory being served by the protestants herein. *Ephraim Freightways vs. P.U.C.*, 151 Colo. 596, 380 P (2d) 228. The evidence of inadequacy proferred can be characterized as expressions of mere opinion, preference, and desire and willingness to use the services of respondent Acme over the services of protestants, if authority be granted to Acme. See *Donahue vs. P.U.C.*, 145 Colo. 499, 359 P (2d) 1024; *D&R.G.W. vs. P.U.C.*, 142 Colo. 400, 351 P (2d) 278; *P.U.C. vs. Harvey*, 150 Colo. 158, 371 P (2d) 452. To permit the decisions in question to stand would constitute an invasion and be destructive of the protestants' rights to engage in the transportation business as common carriers under their respective certificates of public convenience and necessity. *Archibald vs. Commission,* 115 Colo. 190, 171 P (2d) 421.

"Likewise, to affirm the decisions in the instant case would be to ignore the principles of 'regulated monopoly' adopted by our Court and vigorously reemphasized in *Colorado Transportation Company vs. P.U.C.*, 158 Colo. 136, 405 P (2d) 682 and *Western Colorado Power Company vs. P.U.C.*, 159 Colo. 262, 411 P (2d) 785.

"Accordingly, the Court concludes as a matter of law that the decisions in question ought to be set aside and held for naught."

The limitation upon the trial court in reviewing a record from and a decision by the Commission is identical to ours. That court having discharged its duty within

the confines of the statutory authority granted to it on review, there is little we can add to what the trial court has said. We could not state the law of the case any better or more completely than that contained in the trial court judgment above. We merely add that the record reveals that there are five common carriers among the protestants which have unlimited and unrestricted authority completely duplicative of the new authority granted to Acme. Eleven other common carriers with limited authority either as to area or commodity similar to the limited authority presently held by Acme also serve the area encompassed by Acme's purported expansion.

The Commission's decision summarizes the statements of at least two shipper witnesses as having contained the following observations: "That Package Delivery has had more or less a monopoly whereas competition would improve service." and "that some competition among carriers is conducive to the rendering of better service." The new authority granted by the Commission would create an additional competitive situation among five carriers already in the field.

We have held that a duplicative operation cannot be authorized where the existing service is adequate just so that customers may be enabled to choose from among more than one competing public utility. *Western Colorado Power Company vs. P.U.C., supra.*

The failure of proof by the applicant of inadequacy of the service offered by the five competing common carriers holding identical authority to that sought by Acme is tantamount to failing to offer proof of the public need for such service.

A procedural defect in the trial court deserves some comment. When the defendants in error filed their petition in the Denver district court for writ of certiorari the court issued the writ on October 7, 1966, commanding and directing the Commission and Acme, as respondents, "to appear before the court" on the 10th day of November,

1966, at 9 o'clock A.M., and further ordered that they make *"answer to the petition"* with the clerk of the court on or before the 4th day of November, 1966. It is contended by Acme and the Commission that the writ is defective and in violation of C.R.S. 1963, 115-6-15, which requires, *inter alia:* "* * * Such writ shall be made returnable not later than thirty days after the date of issuance thereof and shall direct the commission to certify its records in a proceeding to the court. * * *" The argument is advanced that the mandate of the statute was not followed, and that the court set the return date four days beyond the thirty-day requirement of the statute. We do not agree.

 It has been said that the return to a writ of certiorari is merely the certification by the responding tribunal of the proceedings sought to be reviewed, and that, while the writ sometimes commands the respondents to make answer to the petition, the certification of the record is the only answer and the only return to the writ which the inferior tribunal is required to make. 14 Am. Jur. 2d *Certiorari* § 47.

It is our view from a reading of the writ that, of the two dates mentioned therein, November 4th is the actual return date of the writ. That is the date the answer, *i.e.,* the certification of the record, was to be filed by the respondent Commission with the clerk of the court, and also the date Acme was also required to answer. The date of the hearing is by statute provided to be set on the same date as the return, but since it is also provided that the hearing date can be continued, it was immaterial that the court set the hearing for a later date, to wit, November 10th.

The judgment is affirmed.

MR. JUSTICE HODGES and MR. JUSTICE GROVES concurring in the result.

MR. JUSTICE LEE not participating.