No. 25742

The Public Utilities Commission of the State of Colorado v. District Court in and for the City and County of Denver and Mitchel B. Johns, Judge thereof

(506 P.2d 371)

Decided February 20, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Irvin M. Kent, Assistant, Eugene C. Cavaliere, Assistant, for petitioner.

Jones, Meiklejohn, Kehl & Lyons, Alvin J. Meiklejohn, Jr., for respondents.

MR. JUSTICE DAY delivered the opinion of the Court.

This original proceeding for a writ of prohibition was sought by the Public Utilities Commission against the Denver district court and Honorable Mitchel B. Johns, one of the judges thereof, on the ground that the court was acting in excess of its jurisdiction. We issued a rule to show cause and now make the rule absolute.

The PUC decision in question originated from the filing of a tariff with certain proposed increased rates for motor carriers. PUC decision No. 79138 granted a portion of the requested rate increase and denied the remainder. Judicial statutory review by certiorari to the district court was then initiated. Thereafter, instead of proceeding to judgment on the record, the court issued the challenged order of remand. Although there were ample findings, the court directed the PUC to expand upon its Findings. The order also commanded full disclosure of "all matters taken into consideration in arriving at the rates established by the Commission."

The issue presented is not directed to the merits of the rate controversy between the PUC and the Colorado Motor Carriers. What is sought by the petitioning PUC is a determination of the propriety of an interlocutory order of remand in these circumstances and whether the court, admittedly having jurisdiction over the subject matter and of the parties, has nevertheless exceeded its authority by reason of specific limitations on review procedures in the district court by statute. The particular section involved is 1969 Perm. Supp., C.R.S. 1963, 115-6-15(3). The plain language provides that on review the district court shall either affirm, modify or set aside a PUC decision before it on certiorari.

A not dissimilar situation occurred in *Public Utilities Commission v. District Court,* 134 Colo. 324, 303 P.2d 692.

In that situation the judge refused to abide by the statutory provisions and remanded the matter back to the PUC for purposes of a hearing. In that case we said:

"If the trial court concludes that there is not substantial evidence to support the decision of the commission under the record as made, it is the duty of the court to set aside that decision on that very ground. * * *"

Subsequently the predecessor sections of the statute were dealt with in *Public Utilities Commission v. Northwest Water Corp.,* 168 Colo. 154 at 162, 451 P.2d 266, as prescribing "the extent of the authority of the district court upon review of a decision of the Commission." Neither the sense nor the substantial language of the sections was changed by the amendment in 1969 Perm. Supp., C.R.S. 1963, 115-6-15. The amendment reads:

"(1) * * * No new or additional evidence may be introduced in the district court, *but the cause shall be heard on the record of the commission as certified by it.* * * *

"(3) Upon review, the district court shall enter judgment either affirming, setting aside, or modifying the decision of the commission. * * * The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the decision under review violates any right of the petitioner under the constitution of the United States or of the state of Colorado, and whether its conclusions are in accordance with the evidence." (Emphasis added.)

In view of the statutory power to modify as well as to affirm or to reverse, the court can in a situation as that present in the case at bar affirm those portions supported by the record and reverse those not supported.

The rule is made absolute, and the Denver district court is directed to proceed with the review to final judgment.