**SILVER EAGLE SERVICES, INC.,
d/b/a Mesa County Cab,
Petitioner–Appellee,**

**v.**

**The PUBLIC UTILITIES COMMISSION
OF the STATE OF COLORADO, Commissioners Ronald L. Lehr, Edythe J.
Miller, and Andra Schmidt, Respondents–Appellants,**

**Thomas N. Hubbard and Betty J. Hubbard, individually and together doing
business as Sunshine Taxi, Respondents.**

**No. 87SA1.**

Supreme Court of Colorado.

Jan. 23, 1989.

Williams, Larson, Foster & Griff, Harry Griff, Grand Junction, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eugene C. Cavaliere, Deputy Atty. Gen., Valerie J. McNevin–Petersen, Asst. Atty. Gen., Denver, for respondents-appellants.

QUINN, Chief Justice.

The Public Utilities Commission (PUC or commission) appeals from a default judgment entered by the District Court of Mesa County as a result of the PUC's failure to file an answer to a complaint seeking judicial review of a PUC decision.[1] The complaint, which was filed by Silver Eagle Services, Inc., doing business as Mesa County Cab (Mesa Cab), sought judicial review of several aspects of a PUC decision that granted another cab company a certificate of public convenience and necessity to operate a general taxicab service in the Mesa County area. As pertinent here, the critical aspect of the PUC decision on which Mesa Cab sought judicial review was the PUC's determination that Mesa Cab's bill of exceptions to the PUC decision was untimely filed and that the PUC had no authority to extend the time for filing such exceptions when, as here, Mesa Cab's request for extension was not filed with the PUC before the expiration of a previously granted extension of time. In entering the default judgment, the district court held that C.R.C.P. 106(a)(4)(II) required the PUC to file an answer to Mesa Cab's complaint for judicial review, and then remanded the case to the PUC with directions to consider whether Mesa Cab's bill of exceptions had been timely filed. We hold that section

1. Appellate review of a final judgment of the district court on judicial review of a PUC decision is in the supreme court. § 40–6–115(5), 17 C.R.S. (1984).

40–6–115, 17 C.R.S. (1984), of the Public Utilities Law provides the exclusive procedure for invoking the jurisdiction of the district court to review a PUC decision, that this statute does not require the filing of an answer to an application for judicial review, and that the district court erred in entering a default judgment against the PUC for failure to file an answer to Mesa Cab's complaint. We also hold that the district court erred in remanding the case to the PUC for the purpose of further considering whether Mesa Cab's untimely filing of its bill of exceptions should be excused so that the PUC could then rule on the merits of the exceptions. We accordingly reverse the default judgment and remand the case to the district court for further proceedings consistent with the views herein expressed.

## I.

The essential facts are not in dispute. On November 16, 1982, Thomas and Betty Hubbard, doing business as Sunshine Taxi (Sunshine Taxi), made application to the PUC for a certificate of public convenience and necessity to operate a motor vehicle common carrier service for the transportation of the elderly, disabled, and needy, including the transportation of groceries and other small items, in and about the city of Grand Junction. The staff of the PUC had several problems with Sunshine Taxi's original application for limited taxi service and on November 22, 1982, sent out a notice of a hearing on Sunshine Taxi's application. The notice characterized Sunshine Taxi's application as follows:

[F]or a certificate of public convenience and necessity to operate as a common carrier by motor vehicle for hire for the transportation of (1) Passengers and their baggage; (2) Packages and parcels and groceries between all points located within a ten (10) mile radius of the inter-

section of North Avenue and Twelfth Street in Grand Junction, Colorado.

Thereafter, on May 17, 1983, the PUC granted Sunshine Taxi a certificate to conduct a general taxicab service, rather than a limited service as originally sought, in the Grand Junction area.[2] While Sunshine Taxi's application was pending before the PUC, Mesa Cab was also seeking a certificate to conduct a general taxi service in the Grand Junction area, but since it had not yet received its certificate, Mesa Cab did not file a protest to Sunshine Taxi's application. Shortly after Sunshine Taxi received its authority to operate its taxi service, the PUC also authorized Mesa Cab to operate a general taxi service in the Grand Junction area.

On September 10, 1984, Mesa Cab filed a complaint with the PUC alleging that the PUC had exceeded its authority in granting Sunshine Taxi greater authority than Sunshine Taxi had originally sought. Mesa Cab requested the PUC to modify Sunshine Taxi's general operating certificate to a limited operating certificate for the elderly, disabled, and needy. After conducting a hearing on Mesa Cab's complaint, a hearing examiner filed a decision on December 24, 1985, recommending that the complaint be dismissed because Mesa Cab lacked standing to object to Sunshine Taxi's general operating certificate and because the PUC was estopped from revoking Sunshine Taxi's authority under the previously issued certificate.

Although the PUC granted Mesa Cab two extensions of time to file exceptions to the hearing examiner's recommended decision, Mesa Cab failed to file exceptions within the extended period. As a result of Mesa Cab's failure to file timely exceptions, the hearing officer's recommended decision became the final decision of the PUC pursuant to section 40–6–109(2), 17 C.R.S. (1984).[3] Mesa Cab filed a motion for

2. Although Sunshine Taxi originally intended to serve only the elderly, needy, and disabled in the Grand Junction area, the broader authority granted by the PUC led Sunshine Taxi to conduct conventional for-hire taxi operations in order to use the money obtained therefrom to subsidize service to nonpaying customers.

3. Section 40–6–109(2), 17 C.R.S. (1984), states that if no exceptions to the hearing examiner's recommended decision are filed within twenty days after service of the decision on the parties, or within such extended period of time as the commission may authorize, or unless the decision is stayed within such time by the commis-

reconsideration, arguing that it had mailed a bill of exceptions to the PUC four days prior to the filing deadline but that the exceptions were not received by the PUC until April 15, 1986, one day after the filing deadline. The PUC rejected Mesa Cab's exceptions as untimely filed, ruling that it had no authority to extend the time for filing exceptions when the application for extension had not been received within the time limits of the previously authorized extension.[4]

Mesa Cab sought judicial review of the PUC decision by filing the complaint in the Mesa County District Court. In its complaint for judicial review, Mesa Cab invoked the jurisdiction of the district court pursuant to section 40–6–115 of the Public Utilities Law, which outlines the statutory procedures for judicial review of the PUC decision, and also pursuant to C.R.C.P. 106(a)(4), which authorizes judicial review of a quasi judicial decision of a governmental body. Mesa Cab's complaint alleged that the PUC erred in granting Sunshine Taxi general operating authority in the Grand Junction area and, as pertinent here,

also asserted that the PUC erred in rejecting Mesa Cab's exceptions to the PUC decision as untimely filed. Simultaneously with the filing of its complaint, Mesa Cab filed a motion for certification of the record of the PUC proceedings, which the district court granted. The PUC moved to dismiss Mesa Cab's complaint, claiming that the exclusive procedure for invoking district court jurisdiction over a PUC decision is by application for a writ of certiorari pursuant to section 40–6–115, 17 C.R.S. (1984), of the Public Utilities Law and not by the filing of a complaint pursuant to C.R.C.P. 106(a)(4).[5] The district court denied the PUC's motion to dismiss.

Mesa Cab, relying on C.R.C.P. 12(a), thereafter filed a motion for default judgment based on the failure of the PUC to file an answer to the complaint within ten days of the court's denial of the PUC's motion to dismiss. The district court granted Mesa Cab's motion for default against the PUC, ruling that C.R.C.P. 106(a)(4)(II) required the PUC to file an answer to the complaint.[6] The district

---

sion upon its own motion, then the hearing examiner's recommended decision "shall become the decision of the commission and subject to the provisions of section 40–6–115."

**4.** PUC Rule 15, 4 C.C.R. 723–1 (1977), which was in effect at the time of the PUC proceeding and was later superseded by PUC Rule 92, 4 C.C.R. 723–1 (1987), stated in pertinent part that "[i]f no exceptions to a recommended decision have been filed in the time allowed, and the recommended decision has not been stayed by written order of the Commission on its own motion, such recommended decision will without further action become the decision of the Commission." The rule also required that exceptions be filed "within twenty (20) days as provided for by statute [i.e., section 40–6–109(2)] unless an extension of time has been granted upon a motion made within such twenty (20) day period."

**5.** Sunshine Taxi, which was also a party to the district court proceeding, joined in the PUC's motion to dismiss Mesa Cab's complaint. When the motion to dismiss was denied, Sunshine Taxi, in contrast to the PUC, filed an answer to the complaint.

**6.** In its complaint, Mesa Cab also invoked the district court's jurisdiction pursuant to section 24–4–106, 10 C.R.S. (1973), of the State Administrative Procedure Act. In entering the default judgment, however, the district court did not

rule on the applicability of section 24–4–106 to judicial review of a PUC decision. We acknowledge that there may be some instances when the generality of procedural standards in the Public Utilities Law might well justify supplementing those general provisions with the more specific provisions of the State Administrative Procedure Act. In *Homebuilders Association v. Public Utilities Commission*, 720 P.2d 552 (Colo.1986), for example, we held that a determination of whether the PUC "has regularly pursued its authority" within the meaning of section 40–6–115(3) requires a consideration of some of the more specific factors set out in section 24–4–106(7) of the State Administrative Procedure Act. However, in the instant case the procedures codified in the Public Utilities Law for initiating and obtaining judicial review of a PUC decision are specific and comprehensive to the point of obviating any need to resort to the State Administrative Procedure Act for any further particularization of those procedures. We note in this respect that section 24–4–107 of the State Administrative Procedure Act expressly provides that "where there is a conflict between this article and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency." The specific statutory provisions of section 40–6–115 of the Public Utilities Law, therefore, clearly control as to the proper method of initiating and obtaining judicial review of a PUC decision.

court also ordered the case remanded to the PUC with directions that the PUC reconsider whether Mesa Cab's late filing of its bill of exceptions should be excused pursuant to PUC Rule 29, 4 C.C.R. 723–1 (1977) (superseded and modified in 1987 by PUC Rule 3, 4 C.C.R. 723–1 (1987)), which authorizes the PUC for good cause to permit deviation from its rules of practice and procedure when it "finds compliance therewith to be impossible, impracticable or unreasonable." [7]

The PUC thereafter filed this appeal. It claims that the district court erred in entering a default judgment against it and also argues that the court improperly remanded the case to the PUC for the purpose of considering whether Mesa County's untimely filing of its bill of exceptions should be excused so that the PUC could then rule on the merits of the exceptions.

## II.

■ We first address whether the district court properly entered a default judgment against the PUC for failure to file an answer to Mesa Cab's complaint for judicial review. In the PUC's view, section 40–6–115 of the Public Utilities Law provides the exclusive procedure for seeking judicial review of a PUC decision and there is no requirement in that statutory procedure for the filing of an answer to an application for judicial review of a PUC decision. We agree with the PUC's claim.

### A.

Section 40–6–115 of the Public Utilities Law outlines the statutory procedures for seeking judicial review of a PUC decision. Subsection (1) of section 40–6–115 states as follows:

Within thirty days after the application for a rehearing, reargument, or reconsideration is denied by the commission, the applicant may apply to the district court for a writ of certiorari or review for the purpose of having the lawfulness of the final decision inquired into and determined. Such writ shall be made returnable not later than thirty days after the date of issuance and shall direct the commission to certify its record in the proceeding to the court. On the return day, the cause shall be heard by the district court, unless, for a good reason shown, the same shall be continued. No new or additional evidence may be introduced in the district court, but the cause shall be heard on the record of the commission as certified by it. The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings.

The plain language of this subsection requires a party seeking judicial review of a PUC decision to file an application for writ of certiorari or review, rather than a complaint. The application should inform the court, the PUC, and other interested parties of the particular grounds relied on for issuance of the writ.

7. The district court's ruling on the PUC's rejection of Mesa Cab's bill of exceptions was as follows:

From the pleadings and record, it is clear that PUC dismissed [Mesa Cab's] bill of exceptions because it was filed one day late, and then denied [Mesa Cab's] motion for reconsideration of this dismissal, concluding that it was prohibited as a matter of law from granting the motion for reconsideration. In so ruling, PUC failed to consider the applicability of Rule 29 of the Rules of Practice and Procedure Before the Public Utilities Commission of the State of Colorado, 4 C.C.R. 723–1, which provides:

"For good cause shown, if not contrary to statute, the Commission may permit deviation from these Rules insofar as it finds compli-

ance therewith to be impossible, impracticable or unreasonable."

Although Section 40–6–109(2), C.R.S. requires that exceptions be filed "within twenty days after service upon the parties, or within such extended period of time as the commission may authorize," this statute does not expressly prohibit PUC from granting an extension of time after the twenty days have expired, as [Mesa Cab] requested. Rule 15 of PUC's Rules of Practice and Procedure contains such a prohibition, but, as noted above, Rule 29 allows PUC to permit deviation from Rule 15.

The court then ordered the case remanded to the PUC "for reconsideration in light of Rule 29 of PUC's Rules of Practice and Procedure."

Subsection (2) of section 40–6–115 states that the findings and conclusions of the commission on disputed questions of fact shall be final and not subject to review except where a constitutional challenge is made to the validity of an order or decision, in which case the court is required to exercise an independent judgment on the law and the facts. Subsection (2) also authorizes the court to decide all questions of law relevant to review and to interpret pertinent constitutional and statutory provisions.

Subsection (3) of the statute restricts the scope of review as follows:

> The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the decision under review violates any right of the petitioner under the constitution of the United States or of the state of Colorado, and whether the decision of the commission is just and reasonable and whether its conclusions are in accordance with the evidence.

Subsection (3) also limits the court's ultimate disposition to either an affirmance, a setting aside, or modification of the PUC decision. Pursuant to subsection 40–6–115(4), the rules of civil procedure relating to writs of certiorari are applicable to judicial review of a PUC decision only when such rules are not in conflict with the provisions of the Public Utilities Law. Subsection 40–6–115(5) states that appellate review of the district court's final judgment may be obtained in the supreme court.

These statutory procedures unequivocally require district court review of a PUC decision to be initiated by an application for a writ of certiorari or review, not by the filing of a complaint. Pursuant to subsection 40–6–115(1), the PUC's obligation upon issuance of the writ is to certify the record in timely fashion, not to file an answer to the application. *See Public Utilities Commission v. Weicker Transfer & Storage Co.*, 168 Colo. 339, 344, 451 P.2d 448, 450 (1969) (noting that certification of record is the appropriate and only response PUC is required to make). Indeed, section 40–6–115 nowhere mentions the filing of an answer.

### B.

Mesa Cab, however, argues that an answer is required and relies for its argument on subsection 40–6–115(4), which states that "[t]he provisions of the Colorado rules of civil procedure relating to writs of certiorari or review, so far as applicable and not in conflict with the provisions of articles 1 and 13 of this title, shall apply to proceedings had in the district court under provisions of this section." In contrast to section 40–6–115, Rule 106(a)(4) of the Colorado Rules of Civil Procedure provides that judicial review of a governmental body's quasi judicial decision shall be "commenced by the filing of a complaint" and further requires the filing of an answer or other proceeding in accordance with the Colorado Rules of Civil Procedure. We conclude, however, that the pleading requirements of C.R.C.P. 106(a)(4) are not applicable here because those provisions are in substantial conflict with the provisions of the Public Utilities Law and that, pursuant to subsection (4) of section 40–6–115, the pleading requirements of C.R.C.P. 106(a)(4) must accordingly yield to the statutory scheme.

The differences in procedure between C.R.C.P. 106(a)(4) and section 40–6–115 of the Public Utilities Law are basic and numerous. C.R.C.P. 106(a)(4)(II) requires the filing of a complaint for judicial review, while review under section 40–6–115(1) is commenced by the filing of a petition for a writ of certiorari or review. Certification of the record is required under C.R.C.P. 106(a)(4)(III) only if the complaint is accompanied by a motion for certification and a proposed order for certification, but certification is mandatory pursuant to section 40–6–115(1). An answer to the complaint is required by C.R.C.P. 106(a)(4)(II), but not by section 40–6–115(1).

C.R.C.P. 106(a)(4)(VII) establishes the following briefing schedule for the parties: within forty days after the filing of the record, or if no record is filed within forty days after the filing of an answer, the plaintiff's opening brief must be filed;

within thirty days after service of the plaintiff's opening brief, the defendant's answer brief must be filed; and within fifteen days after service of the defendant's answering brief, the plaintiff's reply brief must be filed. Because of these briefing requirements, the earliest a case can be set for hearing under C.R.C.P. 106(a)(4) is 105 days after the filing of the complaint where no record has been requested or certified to the district court, and slightly longer where the record has been requested and certified. In contrast to C.R.C.P. 106(a)(4), section 40–6–115 makes no provision for a briefing schedule, but instead expressly requires the case to be heard on the return of the writ unless the case is continued for good cause.

Under C.R.C.P. 106(a)(4), the scope of judicial review is limited to a determination of whether the governmental body exceeded its jurisdiction or abused its discretion and does not extend to facial challenges to the constitutionality of a governmental rule or regulation. *Two G's, Inc. v. Kalbin,* 666 P.2d 129, 133 (Colo.1983); *Price Haskel, Inc. v. Denver Department of Excise and Licenses,* 694 P.2d 364, 365–66 (Colo.App. 1984). In contrast, judicial review pursuant to section 40–6–115(3) is limited to whether the commission has regularly pursued its authority, whether the decision of the commission is just and reasonable, and whether the commission's conclusions are in accordance with the evidence. Moreover, in contrast to C.R.C.P. 106(a)(4), section 40–6–115(2) expressly authorizes the district court to exercise "an independent judgment on the law and the facts" when an order or decision of the commission is challenged on constitutional grounds.

Additional differences in procedure exist. C.R.C.P. 106(a)(4) authorizes the district court to remand the case for the purpose of additional findings and conclusions when the court determines that the governmental body "has failed to make findings of fact or conclusions of law necessary for a review of its action." In contrast, section 40–6–115(3) requires the district court to first enter a judgment setting aside or modifying the PUC decision before it may properly remand the case to the PUC for addi-

tional findings of fact. *Public Utilities Commission v. District Court,* 181 Colo. 24, 506 P.2d 371 (1973). Moreover, while C.R.C.P. 106(a)(4)(V) expressly provides for the staying of a proceeding or decision of an inferior governmental body in accordance with the provisions of C.R.C.P. 65, the Public Utilities Law contains no provision for staying a *pending* proceeding of the PUC. Finally, in contrast to C.R.C.P. 106(a)(4), section 40–6–116 of the Public Utilities Law sets forth a detailed procedure for staying a *final* decision of the PUC.

The procedures outlined in C.R.C.P. 106(a)(4), on the one hand, and those codified in section 40–6–115, on the other, point up a substantial conflict between the procedural rule and the statute, with the result that the provisions of C.R.C.P. 106(a)(4) must yield to the statutory procedures codified in section 40–6–115. *Mountain States Telephone and Telegraph Co. v. Public Utilities Commission,* 182 Colo. 269, 283, 513 P.2d 721, 728 (1973) (the General Assembly intended the Public Utilities Law to be "the exclusive procedure" for obtaining judicial review of a PUC decision); *see also Colorado Municipal League v. Public Utilities Commission,* 687 P.2d 416, 418 (Colo.1984) (section 40–6–115 outlines the statutory authority for appellate review of a PUC decision); *Atchison, Topeka and Santa Fe Railway Co. v. Public Utilities Commission,* 194 Colo. 263, 267, 572 P.2d 138, 140 (1977) (judicial review of final PUC action is governed by section 40–6–115). This result is dictated not only by the language of subsection 40–6–115(4), which resolves any conflict in favor of the statutory procedures, but also by C.R.C.P. 81(a), which similarly favors the special statutory scheme over the rules of procedure. C.R.C.P. 81(a) states in this respect that the Colorado Rules of Civil Procedure "do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." *See T & S Leasing, Inc. v. District Court,* 728 P.2d 729 (Colo.1986) (C.R.C.P. 106 not applicable to review of

hearing officer's interim order where relief available under Administrative Procedure Act); *State Department of Personnel v. Colorado State Personnel Board,* 722 P.2d 1012 (Colo.1986) (because State Personnel Act provided for judicial review of state Personnel Board's action, review not available under C.R.C.P. 106); *Clasby v. Klapper,* 636 P.2d 682 (Colo.1981) (special statutory review procedures with respect to decisions of State Electrical Board regarding electricians' licenses constituted exclusive review procedures for challenging board action). We thus hold that the statutory procedures in section 40–6–115 of the Public Utilities Law provide the exclusive method for initiating and obtaining judicial review of a PUC decision.

## C.

Our conclusion that the statutory procedures in section 40–6–115 of the Public Utilities Law supersede the provisions of C.R.C.P. 106(a)(4) finds further support in the fact that C.R.C.P. 106(a)(4) is expressly intended to apply only in those situations where "there is no plain, speedy and adequate remedy otherwise provided by law." As our preceding discussion shows, the Public Utilities Law provides a "plain, speedy and adequate remedy" for initiating and obtaining judicial review of a PUC decision. Because section 40–6–115 provides such a remedy, it follows that Mesa Cab should have initiated judicial review in the district court by filing an application for a writ of certiorari or review, rather than by filing a complaint under C.R.C.P. 106(a)(4).

Even if we treat Mesa Cab's complaint as an application for a writ of certiorari, however, the fact remains that the PUC complied with the statutory requirements of the Public Utilities Law when, pursuant to section 40–6–115, it certified the record of the PUC proceeding to the district court. Since the PUC was not required to file an answer to Mesa Cab's application for judi-

cial review, the district court erred in entering a default judgment against the PUC for failing to file such answer.

## III.

■ We next address that part of the district court's judgment which remanded the case to the PUC for the purpose of determining whether Mesa Cab's untimely filing of exceptions to the PUC decision should be excused pursuant to PUC Rule 29.[8] In its brief, Mesa Cab concedes that the district court erred in remanding the case to the PUC for the purpose of determining whether the late filing of the exceptions should be excused so that the PUC could then rule on the merits of the exceptions. In light of this concession by Mesa Cab, we only briefly explain here why the district court erred in remanding the case to the PUC for this limited purpose.

Section 40–6–115(3) limits the district court's authority in reviewing a PUC decision to "either affirming, setting aside, or modifying the decision of the commission." Once the PUC certified the record of the PUC proceeding to the district court, the court was required to review the record and determine whether the PUC erred in rejecting Mesa Cab's bill of exceptions as untimely. Instead of ruling on that question, the district court remanded the case to the PUC for the purpose of considering the very question that had been presented to the district court for judicial review.

If the district court had first determined that the PUC committed error in rejecting Mesa Cab's bill of exceptions as untimely filed, the court, of course, would have had the authority to set aside the PUC decision and remand the case to the PUC for consideration of the bill of exceptions. In the absence of actually setting aside the PUC's determination as erroneous, the district court lacked the authority to remand the case to the PUC for reconsideration of an issue which the PUC had previously re-

**8.** While the district court ruling might arguably be construed as an order to the PUC to accept Mesa Cab's exceptions as properly filed and to rule on the merits of the exceptions, we believe the most plausible interpretation of the district court's order of remand is that the PUC is to consider whether Mesa Cab's untimely filed exceptions should be excused pursuant to PUC Rule 29.

solved. *Public Utilities Commission v. District Court,* 181 Colo. 24, 506 P.2d 371 (1973); *People v. District Court,* 134 Colo. 324, 303 P.2d 692 (1956).

We accordingly reverse the judgment of the district court and remand the case to that court to determine whether the PUC erred in rejecting Mesa Cab's bill of exceptions as untimely filed. If on remand of the case the district court determines that the PUC did not err in rejecting Mesa Cab's bill of exceptions, then it should dismiss Mesa Cab's application for judicial review. If, on the other hand, the district court determines that the PUC erred in rejecting Mesa Cab's bill of exceptions, it should set aside the PUC decision and remand the case to the PUC to determine the merits of Mesa Cab's bill of exceptions.