John E. ARCHIBOLD; Harry A. Galligan, Jr.; Edythe S. Miller; John B. Stuelpnagel, and all Colorado taxpayers and/or U.S. West Telecommunications, Inc. telephone ratepayers who are similarly situated, Plaintiffs/Petitioners–Appellants,

v.

PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO and Commissioners Robert J. Hix, R. Brent Alderfer, and Vincent Majkowski; and U.S. West Communications, Inc., Defendants/Respondents–Appellees.

No. 96SA149.

Supreme Court of Colorado, En Banc.

March 17, 1997.

Rehearing Denied April 7, 1997.

John B. Stuelpnagel, John E. Archibold, Denver, for Plaintiffs/Petitioners–Appellants.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Merrill Shields, Deputy Attorney General, Richard Djokic, First Assistant Attorney General, Mana L. Jennings–Fader, Assistant Attorney General, Regulatory Law Section, Denver, for Defendants/Respondents–Appellees Public Utilities Commission of the State of Colorado and Commissioners Robert J. Hix, Vincent Majkowski, and R. Brent Alderfer.

No Appearance On Behalf of Defendant/Respondent–Appellee U.S. West Communications, Inc.

Chief Justice VOLLACK delivered the Opinion of the Court.

John E. Archibold, Harry A. Galligan, Jr., Edythe S. Miller, and John B. Stuelpnagel

(the plaintiffs) appeal the district court's order dismissing the plaintiffs' cause of action after the district court denied the plaintiffs' motion to amend their complaint.[1] We affirm the district court's rulings.

### I.

On November 16, 1994, the Public Utilities Commission (PUC) issued an order to show cause to address possible violations of the PUC's Rules Regarding Telecommunications Service Providers and Telephone Utilities (Telephone Rules) by U.S. West Communications (U.S. West).[2] In its order to show cause, the PUC requested that parties wishing to intervene in the proceedings do so before December 1, 1994. The Office of Consumer Counsel, Independent Telephone Companies, and the Coalition of Rural Telecommunications Users (the intervenors) were permitted to intervene in the proceedings.

Shortly thereafter, U.S. West began settlement negotiations with PUC staff and the intervenors. As a result of these negotiations, a stipulation and settlement agreement (settlement agreement) was reached among the parties.[3] On February 9, 1995, the PUC approved the settlement agreement in part and rejected it in part, and granted the parties' oral motion to vacate the proceedings against U.S. West. On April 5, 1995, the settlement agreement, as modified, received final approval from the PUC and became effective.

On October 6, 1995, the plaintiffs filed a complaint in Denver District Court challenging the PUC's authority to approve the settlement agreement.[4] The plaintiffs' complaint prayed for declaratory and injunctive relief.

On October 19, 1995, the PUC approved a final list of beneficiaries who would receive disbursements from the telecommunications fund.[5] One week later, the plaintiffs requested late intervention in the PUC proceedings. Their motion for late intervention was denied by the PUC on November 22, 1995.[6]

The district court held a hearing on November 28, 1995. After oral arguments, the district court found that it lacked subject matter jurisdiction to hear the plaintiffs' cause of action because section 40–6–115(4), 17 C.R.S. (1993), does not authorize the district court to consider claims requesting de-

1. Section 40–6–115(5), 17 C.R.S. (1993), provides that appellate review of a final judgment of the district court on judicial review of a PUC decision is in the supreme court.

2. The order to show cause concerned several of the Telephone Rules concerning customer service. *See* Rule 21.2.4, 4 C.C.R. 723–2–21.2.4 (1994) (service call acknowledgement); Rule 21.1, 4 C.C.R. 723–2–22.1 (1994) (maximum number of reports); Rule 21.2, 4 C.C.R. 723–2–22.2 (1994) (response time).

3. The settlement agreement consisted of three parts: (1) to remedy past Telephone Rules violations, U.S. West would set aside approximately $4 million as a telecommunications fund designed to support telecommunications projects *serving public needs;* (2) U.S. West would increase funding in an effort to improve service quality; and (3) to ensure future compliance with the Telephone Rules, U.S. West would provide the PUC with quarterly reports and make automatic payments into the telecommunications fund in the event it failed to meet specific service standards set forth in the settlement agreement.

4. The plaintiffs have all worked closely with the PUC in the past. John E. Archibold is former

chief counsel to the PUC. Harry A. Galligan, Jr., is a former Executive Secretary to the PUC. Edythe S. Miller is a former Chairperson of the PUC. John Stuelpnagel is a former PUC Administrative Law Judge.

5. Twenty-three projects were selected for distribution of $4,291,421. These projects related to various educational, health, and public service organizations.

6. The PUC's Rules of Practice and Procedure permit late intervention only if good cause exists for the delay. *See* Rule 64(c)(3), 4 C.C.R. 723–1 (1993). The PUC determined that the plaintiffs failed to establish good cause because they could not account for the delay between April, when the PUC approved the settlement agreement, and October, when the plaintiffs finally requested late intervention. Furthermore, the PUC determined that reopening its final decisions after projects had been selected for disbursement "would be unfair to the parties who ha[d] fully participated in this docket."

claratory or injunctive relief in PUC cases.[7] The district court delayed its order for ten days to give the plaintiffs time to amend their complaint.

On December 6, 1995, the plaintiffs filed a motion to amend their complaint to include a writ of mandamus and a request for certiorari review pursuant to section 40–6–115(1), 17 C.R.S. (1993).[8] The district court denied the plaintiffs' motion, finding that section 40–6–115 is the exclusive procedure for invoking jurisdiction of the district court and that to allow the plaintiffs to proceed by mandamus would abrogate the intent of the legislature. Additionally, the district court noted that these plaintiffs were foreclosed from requesting judicial review because they did not timely file their Motion to Intervene and thus were not "parties" to the PUC proceedings. The district court ultimately dismissed the plaintiffs' amended complaint for lack of subject matter jurisdiction.

## II.

### A.

In *Silver Eagle Services, Inc. v. Public Utilities Commission*, 768 P.2d 208, 211 (Colo.1989), we explained that section 40–6–115, 17 C.R.S. (1993), provides the exclusive procedure for invoking the jurisdiction of a district court when it is asked to review a PUC decision. We also explained "unequivocally" that district court review of a PUC decision is properly initiated by application for a writ in the nature of certiorari or review, not by the filing of a complaint. *Silver Eagle*, 768 P.2d at 212.

■ Additionally, section 40–6–115(1) requires that an application for a writ in the nature of certiorari or review be filed with the district court "[w]ithin thirty days after a final decision by the [PUC] in any proceeding." § 40–6–115(1), 17 C.R.S. (1993). For a PUC decision to be considered final, all issues between the parties must be resolved. *See Keystone, a Div. of Ralston Purina Co. v. Flynn*, 769 P.2d 484, 488 (Colo.1989).

■ Although the PUC approved a final list of disbursement beneficiaries on October 19, 1995, the PUC's decision in this case became final on April 5, 1995, after the settlement agreement became effective and the disciplinary proceedings against U.S. West were vacated. The PUC's approval of the settlement agreement was a definitive resolution of the proceedings against U.S. West. Therefore, section 40–6–115(1) provides that any parties seeking judicial review of this decision were required to apply for a writ in the nature of certiorari or review by May 5, 1995.

Nevertheless, the plaintiffs did not act until October 6, 1995, when they improperly filed a complaint with the district court demanding declaratory and injunctive relief. The plaintiffs did not apply for a writ in the nature of certiorari or review until December 6, 1995, eight months after the final PUC decision was issued.[9] Because the plaintiffs' request for judicial review did not come with-

---

7. Section 40–6–115(4), 17 C.R.S. (1993), provides in pertinent part:

   No court of this state, except the district court to the extent specified, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties; but an action in the nature of mandamus shall lie from the district court to the commission in all proper cases.

8. Section 40–6–115(1), 17 C.R.S. (1993), provides in pertinent part:

   Within thirty days after a final decision by the commission in any proceeding, any party

to the proceeding before the commission may apply to the district court for a writ of certiorari or review for the purpose of having the lawfulness of the final decision inquired into and determined. Such writ ... shall direct the commission to certify its record in the proceeding to said court.

9. Additionally, the plaintiffs did not seek intervention in the PUC proceedings until October 26, 1995. We have no record to review the plaintiffs' late request for intervention because the PUC was never obligated to certify a record of the agency proceedings. However, the plaintiffs' brief asserts that late intervention was necessary to prevent the PUC from pursuing an unauthorized course of action. We agree with the PUC

in the thirty-day deadline set forth in section 40–6–115(1), their cause of action is time barred. Therefore, the district court was without jurisdiction to consider the plaintiffs' cause of action.

### III.

Although we generally agree with the district court's conclusion that, pursuant to section 40–6–115(4), the district court was without authority to issue declaratory or injunctive relief in this case, the plaintiffs' failure to apply for a writ in the nature of certiorari or review in a timely fashion precludes any consideration of their cause of action. The remaining issues in the plaintiffs' appeal are therefore moot and the ruling of the district court dismissing the plaintiffs' cause of action is affirmed.[10]

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

---

that this vague explanation does not establish good cause pursuant to PUC Rule 64(c)(3) because it fails to explain the prolonged delay between the final agency decision and the plaintiffs' request for late intervention.

10. The plaintiffs additionally requested that we review: (1) whether the district court properly denied the plaintiffs' requests for injunctive relief and a judicial stay; (2) whether the district court

correctly concluded that remedies under mandamus, C.R.C.P. 106, and certiorari review were unavailable; (3) whether the PUC gave sufficient notice of the proceedings; (4) whether the district court erred in not certifying the case as a class action; and (5) whether the PUC was unauthorized to disburse funds in this manner.