TRANS SHUTTLE, INC., a Colorado corporation;  and Yeshigeta Gebermichael, d/b/a Ethio Airport Shuttle, Petitioner,

v.

PUBLIC UTILITIES COMMISSION OF THE STATE of Colorado, Respondent.

No. 02SA36.

Supreme Court of Colorado, En Banc.

Nov. 18, 2002.

Hochstadt, Straw, Strauss, & Silverman, P.C., Richard S. Strauss, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, David S. Beckett, Assistant Attorney General, Denver, Colorado, for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

Trans Shuttle, Inc. ("Trans Shuttle") appeals from an order of the Denver District Court granting the Public Utilities Commission's ("PUC") motion to dismiss Trans Shuttle's claim for lack of subject matter jurisdiction. The district court found that Trans Shuttle's initial pleading seeking judicial review of a PUC decision, captioned as a complaint under C.R.C.P. 106, was jurisdictional-

ly deficient because it did not comply with section 40–6–115, 11 C.R.S. (2002), the exclusive remedy provided for seeking such review. The district court further found that it could not cure the deficiencies in Trans Shuttle's complaint through a court order. We agree that, in form, Trans Shuttle did not comply with the statutory procedures to initiate a review of a PUC decision. Substantively, however, its petition for review is sufficient to invoke the jurisdiction of the district court under section 40–6–115 and the district court had discretion to cure errors made in the pleading. We therefore reverse the judgment of the district court.

## I. Facts and Procedural History

Appellant Trans Shuttle consists of two airport shuttle services that transport passengers to and from Denver International Airport. Both businesses were authorized for such transport through licenses obtained from the Federal Motor Carrier Safety Administration ("FMCSA"). The Colorado PUC, however, issued civil penalty assessments against Trans Shuttle, finding that Trans Shuttle was not authorized to conduct its businesses because it had not first obtained licenses from the PUC to transport passengers in interstate commerce.

Within thirty days of the PUC's final decision, Trans Shuttle sought judicial review of the PUC determination, challenging the PUC's jurisdiction to issue civil penalty assessments against carriers that are licensed by the FMCSA. In bringing its civil action, Trans Shuttle filed a complaint under C.R.C.P. 106, but cited both C.R.C.P. 106 and section 40–6–115 in the body of the pleading. In conjunction with filing the civil action, Trans Shuttle also moved for a stay of the PUC decision and for certification of the record.

The district court dismissed Trans Shuttle's appeal, finding that filing a complaint under C.R.C.P. 106 failed to comply with the statutory procedures required under section 40–6–115, the exclusive remedy available for invoking the district court's jurisdiction to review a PUC decision. Additionally, the district court found that it was barred from curing the complaint's defects. Trans Shut-

tle appeals the district court's ruling directly to this court pursuant to section 40–6–115(5).

## II. District Court Jurisdiction

■ The central issue under review is whether the district court properly dismissed Trans Shuttle's request for review of the PUC decision because it was erroneously filed as a complaint under C.R.C.P. 106. While Trans Shuttle concedes that, procedurally, it erred in titling its request as a complaint under C.R.C.P. 106 rather than a writ of certiorari under section 40–6–115, it contends that, substantively, the complaint conformed with the requisite procedures necessary for review of PUC determinations. We agree with Trans Shuttle and conclude that denying Trans Shuttle's request for judicial review because of this procedural defect would improperly elevate form over substance.

### A. Section 40–6–115

Section 40–6–115(1) of the public utilities law outlines the requisite statutory procedures for requesting review of a PUC decision as follows:

> Within thirty days after a final decision by the commission in any proceeding, any party to the proceeding before the commission may apply to the district court for a writ of certiorari or review for the purpose of having the lawfulness of the final decision inquired into and determined. Such writ shall be made returnable not later than thirty days after the date of issuance and shall direct the commission to certify its record in the proceeding to said court.

§ 40–6–115(1), 11 C.R.S. (2002). The plain language of this subsection first requires that one seeking review of a PUC decision be a party to the PUC proceeding. To initiate review, such a party is required to file an application for writ of certiorari or review within thirty days after a final decision is rendered by the PUC. This application must inform the court, the PUC, and other interested parties of the particular grounds relied upon for issuance of the writ, and must direct the PUC to certify its record in the proceeding before the district court.

In denying Trans Shuttle's request for review, the district court found that under this court's decision in *Silver Eagle Services v. PUC*, 768 P.2d 208 (Colo.1989), review was precluded because Trans Shuttle failed to follow the exclusive procedures of section 40–6–115.

In *Silver Eagle*, Mesa Cab applied for judicial review of a PUC decision by filing a complaint in district court, invoking jurisdiction pursuant to section 40–6–115 and C.R.C.P. 106. *Silver Eagle Services*, 768 P.2d at 210. Under C.R.C.P. 106, the PUC was required to file an answer or responsive pleading, but it failed to do so.[1] *Id.* Subsequently, Mesa Cab filed a motion for default judgment. *Id.* The district court granted Mesa Cab's motion for default, finding that C.R.C.P. 106 required the PUC to file an answer to Mesa Cab's complaint. *Id.*

On appeal, we found that the district court erred in entering the default judgment against the PUC because of its failure to file an answer. *Id.* at 212. We concluded that the pleading requirements of C.R.C.P. 106 were not applicable because they were in substantial conflict with the public utilities law and the rule must yield to section 40–6–115.[2] *Id.* As a result of the district court's actions applying the conflicting procedures of C.R.C.P 106(a)(4), the PUC was prejudiced by entry of the default judgment. *Id.* at 214. In reversing the district court, we held that "the statutory procedures in section 40–6–115 of the Public Utilities Law provide the exclusive method for initiating and obtaining judicial review of a PUC decision." *Id.*

In this case, the district court misinterpreted our holding and failed to distinguish the facts presented in *Silver Eagle* from those currently under review. In *Silver Eagle*, this court was not concerned with the procedural use of C.R.C.P. 106 in requesting judicial review of a PUC decision. We were concerned with the substantive application of C.R.C.P. 106 and the effect of C.R.C.P. 106 on the PUC's rights in the subsequent proceeding. Because C.R.C.P. 106(a)(4) required the PUC to file an answer not required by section 40–6–115 and thus substantively affected the PUC's interests, we determined that the application of C.R.C.P. 106 in that case was in conflict with procedures set forth in section 40–6–115.

In contrast, although it is true that Trans Shuttle titled its application for review as a complaint under C.R.C.P. 106, the application, which cited both C.R.C.P. 106 and section 40–6–115, did not conflict with the requirements set forth in the public utilities law to invoke the subject matter jurisdiction of the district court. Trans Shuttle's complaint substantively complied with the requirements of section 40–6–115 in that it (1) was filed by a party to a PUC proceeding; (2) was filed within 30 days of a final PUC decision; (3) informed the relevant parties of the basis of its request for review; and (4) requested certification of the PUC record to the district court.

■ Where an action to review a PUC final decision substantially complies with public utility law and the defective pleading causes no prejudice, that action should not be found to violate section 40–6–115. We applied this same reasoning in *Ace West Trucking, Inc. v. PUC*, 788 P.2d 755, 760 (Colo. 1990). There, we concluded that the district court's application of an erroneous C.R.C.P. 106(a)(4)(I) standard of review of a PUC decision was not reversible error because the district court's determination was also correct under the proper standard mandated by section 40–6–115. *Id.* As such, the substantive rights of the parties in *Ace West* were not affected by the error.

■ The district court's finding that it lacked subject matter jurisdiction over Trans Shuttle's C.R.C.P. 106 application for review was in error. Subject matter jurisdiction is

---

1. C.R.C.P. 106(a)(4)(II) states: "Review pursuant to this subsection (4) shall be commenced by the filing of a complaint. An answer or other responsive pleading shall then be filed in accordance with the Colorado Rules of Civil Procedure."

2. The relevant subsection of section 40–6–115(4) states: "The provisions of the Colorado rules of civil procedure relating to writs of certiorari or review, so far as applicable and *not in conflict with the provisions of this title*, shall apply to proceedings had in the district court under the provisions of this section." (emphasis added).

defined only as a court's power to resolve a dispute in which it renders judgment. *In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981). Whether a court possesses such jurisdiction is generally only dependent on the nature of the claim and the relief sought. *Santa's Workshop v. A.B. Hirschfeld Press, Inc.*, 851 P.2d 264, 265–66 (Colo.App.1993) (rejecting a procedural challenge to the court's jurisdiction where court had the authority to hear a petition concerning the valuation of corporate stock). The underlying principle that should guide the district court was well stated by our court of appeals in another context. "We are not bound by the form in which the plaintiff asserts its claim, but rather it is the facts alleged and the relief requested that decide the substance of a claim, which in turn is determinative of the existence of subject matter jurisdiction." *City of Boulder v. Public Serv. Co. of Colo.*, 996 P.2d 198, 203 (Colo.App.1999).

In practical terms, the PUC, although inconvenienced, will not be prejudiced if Trans Shuttle's improper filing is allowed to stand. The PUC will certify the record and the judicial review will proceed. However, if the district court decision were affirmed, Trans Shuttle would be harmed because it would have no avenue of relief to resolve the alleged mistake made by the PUC. Simply put, Trans Shuttle could not have its day in court.

We emphasize, however, that although we hold that Trans Shuttle's application was adequate to invoke the jurisdiction of the district court, we do not condone the pleading filed here. The law is clearly established in section 40–6–115 and *Silver Eagle*. This poorly framed complaint caused unnecessary delay and added expense to the parties and the courts.

### B. District Court Authority to Order Complaint Amended

As our holding on the merits implies, we reject the district court's decision that it could not cure the procedural defects in Trans Shuttle's filings by court order. After identifying the error, the district court should have given Trans Shuttle the opportunity to amend its request for review and formally comply with section 40–6–115 proce-

dures. *See, e.g., Archibold v. PUC*, 933 P.2d 1323, 1325–26 (Colo.1997) (during the course of proceedings, finding it lacked jurisdiction over claims requesting declaratory or injunctive relief in PUC cases, district court gave plaintiffs leave to amend their complaint). A primary purpose of courts is to provide a forum for litigating disputes. Therefore, "[u]nless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits and not on the basis of technical rules." *People v. Dickinson*, 197 Colo. 338, 339, 592 P.2d 807, 808 (Colo.1979). Because Trans Shuttle met the jurisdictional requirements for review of a PUC decision, the district court should have permitted Trans Shuttle to cure the technical deficiencies in its complaint.

### III. Conclusion

We accordingly reverse the district court order dismissing Trans Shuttle's request for review of the PUC decision and remand the case to that court for further proceedings consistent with this opinion.